Aron Steuer, J.
Petitioner operates a retail store selling leather goods to a clientele in the upper income brackets. It had in its employ one Schulz. It became dissatisfied with Schulz’ work as a salesman and discharged him. Respondent union has a collective bargaining agreement with petitioner. It has demanded arbitration, pursuant to that contract, of the discharge. Petitioner makes this application to stay the arbitration. The application is made on two grounds — first, that respondent has not complied with the procedures provided for in the contract and has allowed the time in which arbitration may be had to lapse and, second, that the matter is not arbitrable.
It is not disputed that the sole right to arbitration is founded in the contract. As a consequence it is limited by the contract and must be had, if at all, in accordance with it. The subject of discharge is treated in article IV. This article provides that no employee shall be discharged arbitrarily or capriciously; that with certain exceptions, immaterial here, the company shall notify the union before discharging an employee and give its reason; in addition, promptly after discharge the company will advise the union in writing, again stating the reason. If the union claims the discharge is in violation of the agreement it must submit a claim “asa grievance ” within a week after such written notification.
The discharge following oral notification to the union occurred on July 11, 1958. On July 14,1958, the next working day, written notification was given the union.
Article XI deals with grievance procedure. The first paragraph provides that an employee involved in a grievance must submit it to his supervisor within five days.
The second paragraph provides that if within five days a settlement is not reached the union, within five days, will submit its grievance in writing to the company, and a settlement must be attempted.
The third paragraph provides that if within 10 days after the first meeting the parties do not arrive at a settlement either party has the right to submit the matter to arbitration within 30 days. The party desiring arbitration is to give written notice *949 by registered mail requesting therein a meeting to be held within three days to select an arbitrator.
Taking these provisions together with article IV on discharge, it is undisputed that the procedure provided for in the first paragraph does not apply. This paragraph obviously applies to grievances which are adjustable between the employee and lower executives. The second paragraph deals with matters where adjustment on this level has failed and calls for notice in writing to the company within five working days. It is from this point that submission as a grievance in article IV is to begin. However article IV extends the time for submission of the writing from five working days to a week.
Admittedly no writing was sent within a week. Instead, on July 16 (two days after the company had given notice in •writing as required) representatives of the company and the union met by arrangement. At that meeting the union sought to have Schulz reinstated and the request was refused. A similar meeting was held on July 21 with the same result. At this meeting the union representative stated that they would submit to arbitration. Thereupon the union wrote to the American Arbitration Association requesting a panel of arbitrators. "When the company received a panel from this association they notified the association that the procedure was irregular, though admitting that a dispute existed. Finally the union recognized that it had not proceeded in accordance with the agreement and on September 22, wrote the company and offered to meet to select an arbitrator.
It is the union’s contention that the meetings of July 16 and 21 constituted conduct waiving the requirement of a notice in writing of a grievance. While this is debatable the net result would be that the union had 30 days from July 21 to send a registered letter for an appointment to pick an arbitrator. This step was not taken for 60 days. It is also plain that the correspondence with the American Arbitration Association is not a waiver of this provision as the petitioner plainly insisted on its rights to have the agreement complied with.
It is plain that the provisions of the contract were neither followed nor waived. It has repeatedly been held that where there are specific time limits for a demand for arbitration that they bar demands thereafter (Matter of Ketchum & Co., 70 N. Y. S. 2d 476; Matter of Atran, 156 N. Y. S. 2d 562). The agreement to arbitrate is a contract and the one seeking to have the other perform must show that he himself has complied with its terms (Hersfeld & Stern v. Financial Employees Guild, 81 *950 N. Y. S. 2d 532). Here there is no compliance. It is not for the court to say that where the parties have made careful and elaborate provisions that these can be ignored on a plea of substantial justice. No such plea can justify the court in changing the terms that the parties have agreed to.
Motion granted.