CARL E. SIMS AND WIFE, SYBIL S. SIMS v. RITTER CONSTRUCTION, INC. AND WILLIAM A. RITTER AND WIFE, DONNA J. RITTER

No. 8224SC543

(Filed 3 May 1983)

**1. Appeal and Error § 6.9— order denying arbitration—appealable**

An appeal from a judge's order withdrawing the matter from arbitration and placing it on the trial calendar was not premature since defendant's right to have the matters in controversy settled by arbitration would be lost by delaying the appeal until after final judgment by the trial court. G.S. 1-277(a) and G.S. 7A-27(d)(1).

**2. Arbitration and Award § 2— agreement to arbitrate in contract—bar to court action**

Where a contract between the parties contained an agreement to submit any contract controversy to arbitration, the trial court had no jurisdiction to hear the action arising out of the contract and erred in withdrawing the matter from arbitration and placing it on the trial calendar. G.S. 1-544 and G.S. 1-567.2.

APPEAL by defendants from *Howell, Judge.* Order entered 4 January 1982 in Superior Court, WATAUGA County. Heard in the Court of Appeals 14 April 1983.

By complaint filed 15 July 1980, plaintiffs sought to recover damages for breach of a building contract entered into between plaintiffs and defendants on 12 February 1979. In their answer and counterclaim defendants moved to dismiss the complaint on the ground that the contract between the parties provided for submission to arbitration of any disagreement arising out of the contract.

On 4 June 1981 Superior Court Judge Kenneth Griffin found that the contract "required that all matters in controversy between the parties be submitted to arbitration," and so ordered.

The matter again came on for hearing on 4 January 1982 before Superior Court Judge Ronald W. Howell. In his order, Judge Howell stated that "neither party having taken any action whatsoever to initiate arbitration proceedings, and [Judge Griffin's 4 June 1981] Order not specifying which party shall pay the expense or initiate such action, the Court therefore concludes that the matter should be placed on the trial calendar for disposi-

tion." Defendants appealed from entry of the order withdrawing the matter from arbitration and placing it on the trial calendar.

*Clement, McCauley, Miller & Whittle by Paul E. Miller, Jr., for defendant appellants.*

*No counsel contra.*

BRASWELL, Judge.

[1] The initial question which we must consider, although not addressed by defendants in their brief, is whether an appeal lies from Judge Howell's order withdrawing the matter from arbitration and placing it on the trial calendar. If defendant appellants have no right of appeal, we must dismiss the appeal on our own motion. *Love v. Moore,* 305 N.C. 575, 291 S.E. 2d 141, *reh. denied,* 306 N.C. 393 (1982).

A party has a right to appeal an interlocutory order only if the order affects some substantial right claimed by appellant which will work an injury to him if not corrected before an appeal from final judgment. G.S. 1-277(a) and G.S. 7A-27(d)(1); *Atkins v. Beasley,* 53 N.C. App. 33, 279 S.E. 2d 866 (1981). We hold that this case falls within the "substantial right" exception since the defendants' right to have the matters in controversy settled by arbitration would be lost by delaying the appeal until after final judgment by the trial court. *See Bernick v. Jurden,* 306 N.C. 435, 293 S.E. 2d 405 (1982).

We next turn to the question of whether the court erred in withdrawing the matter from arbitration and ordering it placed on the trial calendar. We hold that it was error for the trial judge to withdraw the matter from arbitration.

[2] The contract entered into by the parties on 12 February 1979 provided in paragraph 9 that:

"Any disagreement arising out of this contract or the application of any provision thereof shall be submitted to an Arbitrator or Arbitrators not interested in the finances of the contract."

Cases which interpreted former G.S. 1-544 concluded that agreements to arbitrate future disputes could not oust the courts of their jurisdiction. *See, e.g., Skinner v. Gaither Corp.,* 234 N.C.

385, 67 S.E. 2d 267 (1951). However, agreements to arbitrate future disputes are now by virtue of G.S. 1-567.2(a), which was effective 1 August 1973, binding and irrevocable:

"(a) Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy."

The record discloses that plaintiffs admitted in their complaint that a valid contract was entered into by the parties to this lawsuit. Plaintiffs did not deny the existence of an agreement to arbitrate. *Cf. Southern Spindle v. Milliken Co.*, 53 N.C. App. 785, 281 S.E. 2d 734 (1981), *disc. rev. denied,* 304 N.C. 729, 288 S.E. 2d 381 (1982), in which it was held that an unsolicited purchase order sent to plaintiff and containing an arbitration provision did not constitute an agreement by plaintiff to submit all contract disputes to arbitration.

The contract between the parties contained an agreement to submit any controversy to arbitration. This agreement, pursuant to G.S. 1-567.2, is valid, enforceable and irrevocable. Therefore, the Superior Court had no jurisdiction to hear the action arising out of the building contract and erred in withdrawing the matter from arbitration and placing it on the trial calendar.[1]

We note also that it was error for Judge Howell to overrule the order previously entered by Judge Griffin. As this Court stated in *Carr v. Carbon Corp.*, 49 N.C. App. 631, 632-33, 272 S.E. 2d 374, 376 (1980), *disc. rev. denied,* 302 N.C. 217, 276 S.E. 2d 914 (1981):

---

1. There are, of course, some situations in arbitration disputes in which the court retains jurisdiction over the proceeding. Under G.S. 1-567.3, if one party refuses to arbitrate, the court can order arbitration; if there is a showing that no agreement to arbitrate exists, the court may stay the arbitration proceeding.

Dept. of Transportation v. McDarris

"Ordinarily, one superior court judge may not overrule the judgment of another superior court judge previously made in the same case on the same legal issue. [Citations omitted.] This rule does not apply to interlocutory orders given in the progress of the cause. An order is merely interlocutory if it does not determine the issue but directs some further proceeding preliminary to a final decree. [Citation omitted.] The doctrine of *res judicata* does not apply to interlocutory orders if they do not involve a substantial right. [Citation omitted.]"

Since we have already determined that the order affected a substantial right, it was error for Judge Howell to overrule the previous order which required that the matters in controversy between the parties be submitted to arbitration.

For the foregoing reasons, the 4 January 1982 order of Judge Howell must be vacated.

Vacated and remanded.

Judges WEBB and WHICHARD concur.