W. J. ADAMS v. ROBERT J. NELSEN AND WIFE, ALICE E. NELSEN

No. 166PA84

(Filed 7 May 1985)

1. **Arbitration and Award § 2; Laborers' and Materialmen's Liens § 1— arbitration agreement—no waiver of right to file lien claim**

   A contractual clause providing that the parties shall arbitrate disputes under the contract did not prevent plaintiff from enforcing a claim of lien for architectural services pursuant to G.S. 44A-13.

2. **Arbitration and Award § 2— arbitration agreement—incorporation in complaint—jurisdiction not ousted—motion to dismiss insufficient to compel arbitration**

   The trial court was not "ousted" of jurisdiction in an action to recover for architectural services by an arbitration clause incorporated into the complaint by reference where defendants failed to apply to the court for an order to stay litigation and compel arbitration. Defendants' G.S. 1A-1, Rule 12(b)(6) motion to dismiss, which omitted any reference to an arbitration agreement, was insufficient to invoke the arbitration provision pursuant to G.S. 1-567.3.

3. **Arbitration and Award § 2— arbitration demand after statute of limitations has run**

   Defendants could not successfully demand arbitration of a contract dispute after the applicable statute of limitations for breach of contract had run. However, defendants' failure to demand arbitration within the applicable statute of limitations did not constitute a "waiver" of such right. G.S. 1-52.

4. **Arbitration and Award § 2— right to arbitration—no waiver by filing complaint**

   A party does not impliedly waive his right to arbitration when he pursues an action in court by filing a complaint.

   Justice VAUGHN did not participate in the consideration or decision of this case.

ON defendants' petition for discretionary review, pursuant to G.S. 7A-31, of a unanimous decision of the Court of Appeals, 67 N.C. App. 284, 312 S.E. 2d 896 (1984), reversing and remanding the judgment entered by *Rountree, J.,* during the 24 January 1983 civil session of District Court, CARTERET County, granting defendants' motion to dismiss plaintiff's cause of action.

*Darden and Pierce, by R. D. Darden, Jr., for plaintiff-appellant.*

*Bennett, McConkey & Thompson, P.A., by Thomas S. Bennett, for defendant-appellees.*

FRYE, Justice.

This dispute presents several issues relative to an arbitration clause contained within a contract. First, we must decide whether a contractual clause which provides that the parties "shall" arbitrate disputes under the contract prevents a party from pursuing a separate legal remedy through court action. Secondly, whether a defendant's 12(b)(6) motion in his answer automatically "ousts" the court of jurisdiction and whether such a motion effectively invokes the arbitration provision. Thirdly, whether defendant may successfully demand arbitration after the applicable statute of limitations has run. Our answer is no to each question.

## FACTS

Plaintiff, a registered professional engineer, filed this action on 9 November 1979, alleging that he had entered into a contract with defendants in August 1978 in which plaintiff had agreed to perform professional design services in connection with the construction of a residence to be built for defendants on their property. Plaintiff attached to the complaint a copy of the contract that was allegedly breached by defendants. Plaintiff sought damages in the amount of $2,662 plus interest. Furthermore, plaintiff sought enforcement of a claim of lien filed on 11 September 1979 pursuant to G.S. 44A-14.

Defendants filed their answer on 4 December 1979 and alleged as a first defense that the complaint should be dismissed pursuant to Rule 12(b)(6) because it failed to allege facts upon which relief could be granted. As a second defense, defendants

denied breaching the contract and also alleged as an affirmative defense that "by reason of the plaintiff [sic] procrastinations and delinquencies, the defendants have been caused to suffer" certain losses and hardships.

On 24 January 1983, over three years after defendants filed their answer, Judge Rountree granted defendants' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and also dismissed the notice and claim of lien filed by plaintiff. Plaintiff gave timely notice of appeal, and the Court of Appeals, in a unanimous decision, reversed and remanded the case. Defendants' petition for discretionary review pursuant to G.S. 7A-31 was allowed by this Court.

[1] Defendants raise several questions to be resolved by this Court. First, defendants contend that the Court of Appeals erred in holding that plaintiff's complaint alleges sufficient facts to withstand defendants' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We disagree with defendants' argument. The Court of Appeals was correct in concluding that plaintiff's complaint was not defective and sufficiently stated a claim for relief. Additionally, plaintiff's claim of lien, included within his complaint and filed pursuant to G.S. 44A-8, constituted a statutory remedy that was not extinguished merely because plaintiff had entered into a contract providing for arbitration. The Court of Appeals correctly held that plaintiff was not foreclosed from pursuing his statutory remedy by agreeing to arbitrate.

[2] Defendants next argue that the Court of Appeals failed to correctly apply the holding in *Sims v. Ritter Construction, Inc.*, 62 N.C. App. 52, 302 S.E. 2d 293 (1983). Basically, defendants contend that the *Sims* case stands for the proposition that the arbitration clause,[1] which was in this case appended to and incorporated by

---

1. The parties signed an American Institute of Architects form document B151. The arbitration provision included within Article 8 of that contract provides as follows:

    All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. . . . In no event shall the demand for arbitration

reference into plaintiff's complaint, ousted the court of jurisdiction to litigate the claim and that the trial court was required to grant the Rule 12(b)(6) motion on jurisdictional grounds. Defendants quote the following passage from *Sims* in support of this argument:

> The contract between the parties contained an agreement to submit any controversy to arbitration. This agreement, pursuant to G.S. 1-567.2, is valid, enforceable and irrevocable. Therefore, the Superior Court had no jurisdiction to hear the action arising out of the building contract . . . .

62 N.C. App. at 54, 302 S.E. 2d at 295.

We disagree with defendants' argument. First, the facts in *Sims* are not analogous to those before the Court. In that case, plaintiff filed a complaint to recover damages for breach of a building contract, admitting in the complaint that a valid contract existed. The defendants in their answer made a motion to dismiss the complaint "on the ground that the contract between the parties provided for submission to arbitration of any disagreement arising out of the contract."[2] 62 N.C. App. at 52, 302 S.E. 2d at

be made after the date when such dispute would be barred by the applicable statute of limitations.

2. N.C. Gen. Stat. § 1-567.3 sets forth the proper procedure for compelling or staying arbitration. That section states:

§ *1-567.3. Proceedings to compel or stay arbitration.*

(a) On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a) of this section, the application shall be made therein. Otherwise the application may be made in any court of competent jurisdiction.

294. The Court of Appeals in *Sims* upheld the trial judge's order requiring "that all matters in controversy between the parties be submitted to arbitration, . . ." *Id.* at 52, 302 S.E. 2d at 294.

In the present case, defendants' motion to dismiss was not, as in *Sims*, expressly premised upon the existence of the arbitration clause within the contract. In fact, nowhere in defendants' answer is there any explicit reference to an arbitration clause. Therefore, defendants failed to apply to the court for arbitration in order to exercise their contractual remedy to which they were entitled. Consequently, the trial court was not "ousted" of its jurisdiction in this matter, as contended by defendants.[3]

Defendants also contend that by filing their motion to dismiss pursuant to Rule 12(b)(6) they invoked the provisions of Article 8 of the contract as required by G.S. 1-567.3(d). This argument is

---

(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

(e) An order for arbitration shall not be refused or a stay of arbitration granted on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown. (1973, c. 676, c. 1.)

3. We note that even if defendants had applied to the court for arbitration pursuant to G.S. 1-567.3, defendants' contention that the trial court would be "ousted" of jurisdiction remains untenable. There is a distinction between a lack of jurisdiction and exercising existing jurisdiction to enforce an agreement under the Uniform Arbitration Act. Nothing contained in the language of the Act indicates that the court does not retain jurisdiction once a party invokes his privilege to arbitrate. N.C. Gen. Stat. 1-567.17 explicitly states:

§ *1-567.17. Court; jurisdiction.*

The term "court" means any court of competent jurisdiction of this State. The making in this State of an agreement described in G.S. 1-567.12, or any agreement providing for arbitration in this State or under the laws thereof, confers jurisdiction on the court to enforce the agreement under this Article and to enter judgment on an award thereunder. (1927, c. 94, s. 3; 1973, c. 676, s. 1.)

*Editor's Note.* —It would appear that by the reference in this section to an agreement described in G.S. 1-567.12, an arbitration agreement under § 1-567.2 was intended.

Thus, the court retains jurisdiction to oversee disputes involving arbitration agreements.

also meritless. The Court of Appeals correctly concluded that the proper procedure for staying litigation and compelling arbitration is by a proper motion. *Adams*, 67 N.C. App. at 288, 312 S.E. 2d at 899. G.S. 1-567.3 states that arbitration can be compelled "[o]n application of a party showing an agreement described in G.S. 1-567.2; . . ."[4] An application to the court is defined within G.S. 1-567.16:

> *Applications to court.*
>
> Except as otherwise provided, an application to the court under this Article shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action. (1927, c. 94, s. 5; 1973, c. 676, s. 1.)

In the case before us, defendants filed an answer that did not include a motion "showing" an agreement to arbitrate. Therefore, defendants' motion to dismiss, which conspicuously omitted any reference to an arbitration agreement, was not the proper method to stay litigation and compel arbitration.

[3] Defendants next attack the Court of Appeals' holding that they "waived their right to arbitration by their conduct in the case which the court says indicated a waiver on their part." Although over three years had elapsed between the filing of the complaint and the ruling on the 12(b)(6) motion, defendants submit that this delay should not be viewed as conduct on their part evidencing an implicit waiver. The Court of Appeals determined that the contract controlled the length of time in which a party could demand arbitration. Indeed, Article 8 of the contract provides that a demand for arbitration cannot be made "after the

---

4. G.S. 1-567.2 provides:

ı (a) Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

date when such dispute would be barred by the applicable statute of limitations." By applying G.S. 1-52, the statute of limitations for breach of contract actions, the Court of Appeals correctly decided that defendants' failure to demand arbitration within the three-year period barred them from now asserting their right to arbitrate.

We agree with the Court of Appeals' final resolution of this question. However, in analyzing this question, that court was mistaken in equating defendants' failure to demand arbitration within the time contained in the applicable statute of limitations to a "waiver" of such right. *See, e.g., Cyclone Roofing Company v. LaFave Company*, 312 N.C. 224, 321 S.E. 2d 872 (1984) (for a thorough treatment of whether a party implicitly waives his right to demand arbitration after pleadings have been filed by the parties); *see also*, Annot., 25 A.L.R. 3d 1171 (1969 & Supp. 1984) (this annotation discusses the cases that address the issue of delay in asserting a contractual right to arbitration as precluding enforcement thereof in either the absence or the presence of a specific time limit within the arbitration agreement).

In this case, the contract contained in Article 8 a time limitation within which a party to the contract could make a demand for arbitration.[5] Therefore, the question of whether defendant "impliedly waived" his right to demand arbitration is not an issue in this case. Defendants' contractual right to arbitration was barred by the applicable three-year statute of limitations. *Application of Mark Cross Company*, 15 Misc. 2d 947, 181 N.Y.S. 2d 110 (1958); *see, e.g.*, Annot., 94 A.L.R. 3d 533 (1979 & Supp. 1984) (collected and analyzed within this annotation are cases that have addressed and resolved the issue of whether an agreement to arbitrate is barred by a specific statute of limitations).

[4] Although neither party specifically raises the issue, this Court perceives within the opinion below a misstatement of the law relating to waiver on the part of the plaintiff. The Court of Appeals concluded that plaintiff intended to waive his right to arbitration by pursuing an action in court. *Adams*, 67 N.C. App. at 287, 312 S.E. 2d at 899. The question of whether a party as a mat-

---

5. The Uniform Arbitration Act does not contain a specific provision containing a time limitation within which a demand for arbitration must be made.

ter of law implicitly waives his right to demand arbitration was recently addressed by this Court in *Cyclone Roofing Company v. LaFave Company*, 312 N.C. 224, 321 S.E. 2d 872 (1984). We held in that case that a party impliedly waives his contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration. *Id.* at 229, 321 S.E. 2d at 876. Contrary to the position taken by the Court of Appeals, we recognized that the filing of a complaint or answer does not automatically result in waiver. *Id.* Therefore, we reject that court's conclusion that a party impliedly waives his right to arbitration when he pursues an action in court by filing a complaint.

By way of *dictum*, the Court of Appeals endeavored to assist the trial court by describing four situations in which a defendant may be deemed to have waived a contractual right to arbitration. Whether this Court will be confronted in the future with situations similar to those included within the four categories identified by the Court of Appeals is speculative. Accordingly, we disavow the language contained within the Court of Appeals' opinion that attempts to provide "guidance" to the trial courts on the ground that many of the issues are premature, and we reserve resolution of these questions for future cases in which they are presented.

Accordingly, we modify and affirm the decision of the Court of Appeals.

Modified and affirmed.

Justice VAUGHN did not participate in the consideration or decision of this case.