IN THE MATTER OF THE ARBITRATION BETWEEN: ARCHIE C. CAMERON, CLAIMANT, AND RICHARD SHEPPARD GRIFFITH AND WIFE, ANN WEST GRIFFITH, RESPONDENTS

No. 8712DC1246

(Filed 16 August 1988)

**Arbitration and Award § 1— right to arbitration—no statute of limitations**

Claimant's right to an arbitration hearing was not barred by the statute of limitations where the agreement to arbitrate did not limit the period in which arbitration could be demanded.

Judge BECTON concurring in the result.

APPEAL by respondents from *Cherry, Judge.* Judgment entered 17 August 1987 in District Court, CUMBERLAND County. Heard in the Court of Appeals 6 June 1988.

On 1 September 1978 claimant sold 1,680 shares of National Storage Company, Inc. stock to respondents for $300,000 payable in six annual installments of $50,000 each under a contract that provided for claimant to also receive a one-third of the proceeds obtained if respondents sold the company stock or assets or it merged with another company within six years, and for any disputes concerning the contract to be arbitrated. On 31 March 1982 National Storage Company, Inc. sold the majority of its properties to a third party for $155,726 but none of the sale proceeds were distributed to claimant. In November of 1986 claimant demanded that respondents pay him one-third of the proceeds received from the sale of the corporate assets and upon respondents' refusal to comply therewith claimant filed a Demand for Arbitration with respect to his disputed right to the extra proceeds. At the arbitration hearing respondents objected on the grounds that the statute of limitations had run on claimant's claim and that the arbitrators had no authority to hear the claim; but the arbitrators went ahead with the hearing and on 1 June awarded claimant $66,323, the amount sought. In due course the award was confirmed by the District Court and respondents' appeal is therefrom.

*Ray Colton Vallery for claimant appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins and Jeffrey N. Surles, for respondent appellants.*

PHILLIPS, Judge.

Respondents argue that their contract for the corporate stock is governed by the four-year statute of limitations provided for in G.S. 25-2-725 and the arbitration was not authorized since the claim was barred by that statute. Under the view of the appeal that we take whether the four-year statute is the correct one is irrelevant and we do not determine it; for by its terms the limitations period stated in G.S. 25-2-725 applies only to an "action," which is a "judicial proceeding," G.S. 25-1-201(1); and an arbitration is neither an "action" nor a "judicial proceeding," but a non-judicial, out-of-court proceeding which makes an action or judicial proceeding unnecessary.

The parties' contract does not limit the period in which arbitration can be demanded and no statute or court decision of this State of which we are aware does so either. Respondents' contention that it was held in *Adams v. Nelsen*, 313 N.C. 442, 329 S.E. 2d 322 (1985) that defendant's right to demand arbitration was barred because it was not filed before the three-year statute of limitations expired is mistaken; for in that case the parties' contract explicitly provided that a demand for arbitration could not be made "after the date when such dispute would be barred by the applicable statute of limitations." *Ibid.* at 447-448, 329 S.E. 2d at 325. Since the contract in this case contains no such stipulation, we conclude that the claimant's right to an arbitration hearing was not barred by the statute of limitations. Nor should it be, in our opinion; because the contract to arbitrate was freely entered into with the implied or express knowledge that arbitrators are not bound to follow the law but may decide controversies according to what is good and equitable, *Robbins v. Killebrew*, 95 N.C. 19 (1886), and that an arbitrator's mistake either as to law or fact is "the misfortune of the party." *Cyclone Roofing Co., Inc. v. David M. LaFave Co., Inc.*, 312 N.C. 224, 236, 321 S.E. 2d 872, 880 (1984). Thus, the arbitrators' mistake, if any, as to the statute of limitations was a hazard that respondents assumed when they agreed to arbitration, and we know of no authority that entitles them to be relieved thereof.

Affirmed.

Judges WELLS and BECTON concur in the result.

Judge BECTON concurring in the result.

The powers of arbitrators are not unlimited. They, too, must follow the law. Their mistakes about the law are not ordinarily reviewable; however, their mistakes about their authority are reviewable. N.C. Gen. Stat. Sec. 1-567.13(a)(3). For example, when arbitrators fail to enforce express provisions regarding time limits, they have exceeded their authority.

Given the fact that the agreement to arbitrate in this case did not limit the period in which arbitration could be demanded, I concur in the result. As a separate basis for concurring in the result, I deem it significant that the record does not show that the respondents ever raised the defense of laches or implied waiver in any proceeding below.