TIMOTHY H. HENDERSON v. GARY L. HERMAN, WILDA R. HERMAN, TRIAD AVIATION, INC. (FORMERLY TRIAD AIRWAYS, INC.) AND H & H PROPELLER SERVICE, INC.

No. 9015SC1332

(Filed 5 November 1991)

**Arbitration and Award § 5 (NCI4th)— arbitration—stay lifted by another judge—error**

A superior court judge erred by lifting a stay imposed ·by another superior court judge where a lawsuit arose from

the sale of plaintiff's interests in defendant corporations; defendants' motions to compel arbitration pursuant to the sales contract and to stay the pending action were granted; a different superior court judge discontinued the action, although discovery was to continue for a time; and another superior court judge subsequently lifted the stay, granted Rule 11 sanctions, struck defendants' answer and counterclaim, entered a default judgment against each defendant upon all the issues, and remanded the case to arbitration on the sole issue of plaintiff's damages. The Uniform Arbitration Act creates a process whereby the existence of an agreement to arbitrate requires a court to compel arbitration on one party's motion and then requires the court to step back and take a hands-off attitude during the arbitration proceeding, reentering the dispute to confirm, modify, deny or vacate the arbiter's award. The court at no time loses jurisdiction, but must not interfere with the arbitration proceeding during the hands-off period. N.C.G.S. § 1-567.1, *et seq.*

**Am Jur 2d, Arbitration and Award § 80.**

DEFENDANTS appeal an order issued 18 September 1990 by *Judge Orlando F. Hudson* in ALAMANCE County Superior Court granting plaintiff's motion for sanctions, striking defendants' answer and counterclaim, entering a default judgment against each defendant on all issues, and ordering the case to arbitration on the sole issue of damages. Heard in the Court of Appeals 24 September 1991.

*White & Crumpler, by Fred G. Crumpler, Jr. and Dudley A. Witt, for plaintiff-appellee.*

*Wishart, Norris, Henninger & Pittman, by Margaret C. Ciardella and Robert J. Wishart, for defendants-appellants.*

LEWIS, Judge.

The issue before this Court is whether one superior court judge can lift a stay granted by another superior court judge on a case which had been referred to arbitration by consent order and "discontinued."

Plaintiff-appellee, Timothy Henderson, was a shareholder, an officer, and a director of both defendant corporations, Triad Airways, Inc. (now Triad Aviation, Inc.) and H & H Propeller Service, Inc. On 10 August 1984, Henderson sold his interest in both defend-

ant corporations to the respective corporations. The sales contract had an arbitration clause which read:

> In the event of a controversy between or among the parties hereto that they are in good faith unable to resolve with respect to any matter arising out of this Agreement, such matters shall be settled by arbitration in Alamance County, North Carolina in accordance with the commercial rules then obtaining of the American Arbitration Association.

On 1 December 1986, Henderson filed suit against the defendant corporations and against the corporate officers individually, Gary and Wilda Herman. Henderson alleged breach of contract, slander, and unfair and deceptive trade practices; later, he was permitted to add the allegations of fraud and misrepresentation. The defendants counterclaimed for breach of contract, slander, unfair and deceptive trade practices, which was later amended to include allegations of fraud and breach of fiduciary duty. The defendants' motion to compel arbitration pursuant to the sales contract and to stay Henderson's pending action were granted by Judge Henry Hight, Jr. on 26 April 1989. The action was discontinued by order of Judge J. B. Allen, Jr. dated 27 April 1989, though discovery was to continue up to 15 June 1989.

Plaintiff filed a motion to lift the stay and a motion for sanctions under Rule 11. The record does not indicate the status of the arbitration proceedings. On 18 September 1990, Judge Orlando F. Hudson entered an order lifting the stay, granting sanctions, striking the defendants' answer and counterclaim, and entering a default judgment against each defendant upon all of the issues. The case was then remanded to arbitration on the sole issue of plaintiff's damages. The defendants appeal.

Defendants allege three errors. First, defendants contend that one superior court judge cannot overrule an order given by another superior court judge in the same case, so that Judge Hudson lacked jurisdiction to lift a stay granted by Judge Hight as part of the arbitration order. As we rule in their favor on the first assignment of error, we decline to address their second and third allegations of error.

We affirm the well settled principle of North Carolina law that superior court judges are all of equal authority, but choose to rule in the defendants' favor based upon our interpretation of

the Uniform Arbitration Act (ACT) and case law. Essentially, the defendants challenge Judge Hudson's authority to lift a stay issued by Judge Hight in conjunction with an order to compel arbitration pursuant to the Uniform Arbitration Act (ACT), Article 45, N.C.G.S. §§ 1-567.1 through 1-567.20 (1983).

Read in its entirety, the Uniform Arbitration Act appears to create a system of problem resolution with minimal judicial intervention. The ACT provides a means by which parties can agree contractually to limit judicial intervention into their disputes. The only prerequisite to invoking the ACT is that there be a valid written agreement to arbitrate the dispute. N.C.G.S. § 1-567.3(a) (1983). There must be a request by at least one party to invoke the ACT in cases subject to it. N.C.G.S. § 1-567.3(a) (1983). Once sent to arbitration, the arbitration proceeding may not be stayed for any reason other than a determination that there is not a valid written agreement to arbitrate the dispute. N.C.G.S. § 1-567.3(b) (1983). A court cannot stay a matter referred to arbitration even to determine if the matter has merit or to determine whether fault grounds have been shown. N.C.G.S. § 1-567.3(e) (1983).

An agreement to arbitrate does not cut off a party's access to the courts. On the contrary, an action compelled to arbitration must have the arbiter's decision confirmed by the court. The ACT provides an appeal from the arbitration proceedings for: 1) denial of motion to compel arbitration, 2) grant of motion to stay arbitration, 3) an order confirming, denying confirmation, modifying or correcting an award, 4) vacating an award without rehearing or 5) judgment entered pursuant to the ACT. N.C.G.S. § 1-567.18(a)(1-6) (1983). Read as a whole, the ACT provides parties with a means to bypass the morass of judicial litigation, while still maintaining the judicial doors ajar for recalcitrant disputes. Hence, it would appear that the legislature intended the courts to send certain predetermined issues to arbitration and then to step back until the arbitration proceeding is complete.

Case law on point supports this view. In *Sims v. Ritter Const. Inc.*, 62 N.C. App. 52, 302 S.E.2d 293 (1983), this Court held that where an agreement to arbitrate was shown, "the Superior Court had no jurisdiction to hear the action arising out of the . . . contract and erred in withdrawing the matter from arbitration and placing it on the trial calendar." *Id.* at 54, 302 S.E.2d at 295. Our Supreme Court explained that a literal reading of this statement is not

correct. Though the ACT requires that certain disputes be removed from direct judicial supervision, the court that compels arbitration does not lose jurisdiction. In a footnote to *Adams v. Nelsen*, 313 N.C. 442, 329 S.E.2d 322 (1985), the Court explicitly states:

> There is a distinction between a lack of jurisdiction and exercising *existing jurisdiction to enforce an agreement under the Uniform Arbitration Act*. Nothing contained in the language of the Act indicates that the court does not retain jurisdiction once a party invokes his privilege to arbitrate.

*Id.* at 446 n.3, 329 S.E.2d at 324 n.3 (emphasis added).

We note that the Court stated that the trial court has the power to "enforce the agreement" under the ACT. The ACT gives the trial court the power to act both before and after the arbitration proceeding. The question left open is whether the trial court has the power to act *during* the arbitration proceeding; specifically, whether or not a trial court may stay an arbitration proceeding to rule on a motion. We find the *Adams* Court's use of the term "existing" jurisdiction significant. Had the term "concurrent" jurisdiction been used it would have given both the trial court and the arbiter the power to act at the same time. We believe that the choice of "existing" over "concurrent" means that the trial court has authority to act both before and after, rather than during the arbitration proceeding. This interpretation is supported by the fact that the ACT will not permit an arbitration proceeding to be stayed for any reason other than to determine whether the prerequisite agreement to arbitrate exists or if the contract was induced by fraud.

*Sims* and *Adams* are logically consistent with each other and are consistent with the ACT when the ACT is read to create a process whereby the existence of an agreement to arbitrate requires a court to compel arbitration on one party's motion and then requires the court to step back and take a "hands-off" attitude during the arbitration proceeding. The trial court then reenters the dispute arena to confirm, modify, deny or vacate the arbiter's award. At no time does the trial court lose jurisdiction. However, during the "hands-off" period, the trial court must not interfere with the arbitration proceeding. Hence, we conclude that it was error for the arbitration proceeding in the case at bar to be disturbed as in this case.

The order of Judge Hudson is vacated and the case remanded for further proceedings in arbitration.

Vacated and remanded.

Judges ARNOLD and COZORT concur.