■ INLAND SHOE MANUFACTURING CO., INC., Appellant, v PERVEL INDUSTRIES, INC., Respondent. — Judgment of the Supreme Court, New York County, entered June 17, 1980, which denied petitioner's application to stay arbitration and dismissed the proceeding unanimously reversed, on the law, without costs, the petition reinstated and the application granted to the extent of remanding the matter for an evidentiary hearing. Petitioner made in excess of 50 separate purchases of textiles from respondent. These were made by separate purchase orders. No copy of any of these purchase orders is included in the record and we are not informed of the terms of purchase except that we are told that none of the orders contained an arbitration clause. Respondent shipped the goods ordered, and together with each shipment forwarded a separate sales note which embodied the terms of sale. Each note contained a broad arbitration clause on the back thereof. On the face of each note, at the bottom thereof, was a legend which read in part: "This order is subject to acceptance in State of Conn. and is subject to all of the terms and conditions on the face and reverse sides hereof, including the provision for arbitration". Upon delivery of the merchandise to petitioner, the sales notes were signed by a clerical employee in petitioner's purchasing department. Petitioner contends that these notes were signed merely to evidence receipt of the merchandise and that the limit of the signatory's authority was to so indicate. It denies emphatically that she had authority to commit petitioner to an agreement to arbitrate any disputes which might thereafter arise with respect to these shipments. The respondent, on the other hand, relies on language in the legend referred to which indicates that the sales notes superseded the buyer's order form and constituted the entire agreement between the parties. It further asserts that this course of conduct, which obtained between the parties for a six-month period without objection on the part of petitioner, precludes petitioner from now raising the issue of the purported lack of authority of the clerical employee. It is hornbook law that no one may be compelled to arbitrate unless he has agreed to do so. This is as true under the Federal Arbitration Law, which governs this case by reason of the interstate nature of the shipments, as it is under the law of this State. Special Term denied the application to stay arbitration holding that an agreement to arbitrate had been entered into. On this record we are unable to reach the same conclusion because of unresolved fact disputes. Accordingly, we reverse, reinstate the petition and remand for an evidentiary hearing to determine whether the parties agreed to submit their disputes to arbitration. Concur — Birns, J.P., Sandler, Carro, Silverman and Bloom, JJ.