SOUTHERN SPINDLE AND FLYER CO., INC. v. MILLIKEN & COMPANY

No. 8026SC642

(Filed 15 September 1981)

**1. Appeal and Error § 6.3— adverse ruling as to personal jurisdiction—right of immediate appeal**

Defendant had the right of immediate appeal from an adverse ruling on its motion to dismiss for want of personal jurisdiction based on an alleged agreement to submit all disputes to arbitration.

**2. Arbitration and Award § 1— no binding agreement to arbitrate**

The trial court properly found that there was no agreement between the parties to submit all disputes to arbitration where the record shows that the parties entered into an oral contract by which plaintiff would perform specified services for defendant; after plaintiff had performed a substantial portion of its services, it received from defendant an unsolicited form document entitled "Purchase Order" on which defendant had typed a description of the services plaintiff had agreed to perform; the form contained numerous printed terms and conditions, including a provision regarding submission of all disputes to arbitration; by letter, plaintiff acknowledged receipt of the purchase order form and returned it to defendant; and the record failed to establish execution by anyone on behalf of plaintiff of the form containing the agreement to arbitrate and failed to establish plaintiff's assent by any other method, since defendant's "purchase order" constituted an offer to alter the existing contract by adding certain terms and conditions, and the record failed to disclose that plaintiff accepted defendant's offer to add to the original contract.

APPEAL by defendant from *Burroughs, Judge.* Order entered 1 April 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 January 1981.

Defendant appeals from denial of its motion to dismiss for want of personal and subject matter jurisdiction and failure to state a claim upon which relief can be granted, and to stay the action, pursuant to the Uniform Arbitration Act, and compel plaintiff to arbitrate in New York.

*Caudle, Underwood & Kinsey, P.A., by Lloyd C. Caudle and John H. Northey, III, for plaintiff appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Mark R. Bernstein and Fred T. Lowrance, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant has the right of immediate appeal from the adverse ruling as to personal jurisdiction. G.S. 1-277(b). The contention on which the personal jurisdiction element of its motion is founded, the alleged existence of an agreement to arbitrate, also underlies the remaining elements.[1] We therefore treat the appeal as to those elements as a petition for a writ of certiorari, and we allow the writ in order to dispose of the matter in its entirety on the merits.

[2] The issue is whether the court properly determined there was no agreement to arbitrate. The record fails to establish that plaintiff agreed to arbitrate, and the court thus properly denied defendant's motion.

Parties "may include in a written contract a provision for settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof." G.S. 1-567.2(a) (Cum. Supp. 1979). On application of a party showing (1) such an agreement and (2) the opposing party's refusal to arbitrate, the court must order the parties to proceed with arbitration, unless the opposing party denies the existence of the agreement. If the opposing party denies existence of the agreement, the court must determine the issue and grant or deny the application accordingly. G.S. 1-567.3(a) (Cum. Supp. 1979). General contract law governs the issue of the existence of an agreement to arbitrate. *See Coach Lines v. Brotherhood,* 254 N.C. 60, 67, 118 S.E. 2d 37, 43 (1961).

The amended complaint here alleges the following: Plaintiff contracted with defendant for "the rigging, loading and transportation" of certain machines. After plaintiff had performed a substantial portion of its services, it received from defendant an unsolicited form document entitled "Purchase Order," on which defendant had typed a description of the services plaintiff had agreed to perform. The form contained numerous printed terms and conditions, including a provision regarding submission of all disputes to arbitration.

---

1. The alleged existence of an agreement to arbitrate was the sole basis for the motion. It was stipulated that service of process on defendant was sufficient.

Plaintiff assumed the document "was sent merely for billing purposes as plaintiff was not selling any merchandise to defendant." By letter, plaintiff acknowledged receipt of the purchase order form and returned it to defendant. Plaintiff did not intend thereby, however, "to indicate any compliance, assent or agreement to any of the terms and conditions printed on it, or on its reverse side." Prior to completion of plaintiff's services, defendant cancelled the remainder of the contract. After credit for unperformed services, defendant owes plaintiff $7,500 plus interest for services performed pursuant to this agreement. It also owes plaintiff $2,275 for additional services performed pursuant to a contract subsequently entered.

Defendant's motion to dismiss, and to stay the action and compel arbitration, is based on the following provisions of its form "purchase order": (1) "We hereby order the merchandise herein described subject to the terms and conditions set forth . . . including the provisions for arbitration of all disputes, all of which are accepted by Seller"; and (2)

> 16. ARBITRATION. Any controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration in the City of New York . . . . The parties consent to the jurisdiction of the Supreme Court of the State of New York or the United States District Court for the Southern District of New York for all purposes including enforcement of the arbitration agreement and proceedings for entry of any judgment on any award.

Defendant contends the purchase order constituted a written contract which included an agreement by the parties to submit all disputes to arbitration as provided for by G.S. 1-567.2(a), and therefore that its motion should have been granted pursuant to G.S. 1-567.3(a). Plaintiff's president, however, denied by affidavit any recollection that either he or anyone else signed the purchase order on behalf of plaintiff. He further averred that if the purchase order was signed, it was signed "simply to acknowledge receipt . . . and was not intended to, and did not, indicate any compliance, assent or agreement . . . to any of the terms and conditions therein, the actual terms and conditions . . . having been established prior to the commencement of plaintiff's performance."

The record indicates that the parties entered into an oral contract by which plaintiff would perform specified services for defendant and that plaintiff had performed a portion of those services prior to the time defendant submitted its "purchase order." Thus, defendant's "purchase order" constituted an offer to alter the existing contract by adding certain terms and conditions. Parties to a contract may agree to change its terms; but the new agreement, to be effective, must contain the elements necessary to the formation of a contract. *Peaseley v. Coke Co.*, 12 N.C. App. 226, 231, 182 S.E. 2d 810, 814 *disc. rev. denied* 279 N.C. 512, 183 S.E. 2d 688 (1971).

The record does not disclose that plaintiff accepted defendant's offer to add to the original contract. Mere acknowledgment of receipt of the purchase order form did not constitute assent to its terms. Plaintiff's president sufficiently denied signing the form. The purported signature on the record exhibits is illegible. No other evidence establishes that a representative of plaintiff signed the form. The record thus fails to establish execution by anyone on behalf of plaintiff of the form containing the agreement to arbitrate. It equally fails to establish plaintiff's assent by any other method. On the contrary, the record indicates that upon receipt of the form plaintiff's president wrote to defendant's representative describing the services to be performed but not mentioning the terms and conditions proposed by defendant.

Because the record demonstrates sufficient basis for denial of defendant's motion, the order of denial is

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.