In re **FIRST THERMAL SYSTEMS, INC., Debtor.**

**DIXSTAR, INC., Plaintiff,**

v.

**CHEMTEX INTERNATIONAL, INC., Defendant.**

Bankruptcy No. 94–11742.
Adv. No. 95–1074.

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

June 2, 1995.

Thomas S. Kale and Michael W. Boehm, Spears, Moore, Rebman & Williams, Chattanooga, TN, for plaintiff.

B. Gail Reese, Manier, Herod, Hollabaugh & Smith, Nashville, TN, for defendant.

## MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

This adversary proceeding was initiated by the filing of a complaint in the Circuit Court for Hamilton County, Tennessee, by Dixstar, Incorporated ("Dixstar") for unpaid sums due pursuant to certain enumerated purchase agreements. The defendant, Chemtex International, Inc. ("Chemtex"), removed the case to the United States District Court for the Eastern District of Tennessee, Southern Division, on the basis of diversity of citizenship and the amount in controversy exceeding $50,000.00. 28 U.S.C. §§ 1332 & 1441(a). On motion of Dixstar, the district court referred the controversy to this court as being related to the pending bankruptcy case of First Thermal Systems, Incorporated ("First

Thermal"). 28 U.S.C. § 157(c)(2). The matter is presently before the court on the motion of Chemtex to stay this proceeding and compel arbitration. Dixstar denies that it agreed to arbitrate disputes under the contracts. Both parties have filed affidavits, and neither party has requested an evidentiary hearing.

Some facts are undisputed. Chemtex purchased from First Thermal certain equipment for industrial plants located in Thailand and China. On May 10, 1994, First Thermal filed for relief under Chapter 11 of the Bankruptcy Code. During the Chapter 11, on August 12, 1994, First Thermal filed a motion to approve a sale of substantially all of its assets to Dixstar. The sale of the assets to Dixstar was approved by order filed September 7, 1994.[1] After the sale was approved by this court, Dixstar obtained the right under a licensing agreement with an unnamed company to market and manufacture thermal fluid heaters and vaporizers of the same design as previously marketed and manufactured by First Thermal. Apparently, the license agreement had previously been held by First Thermal. In later September 1994, Chemtex required technical assistance and service with regard to the equipment it had purchased from First Thermal and installed in the plants in Thailand and China. Chemtex and Dixstar negotiated the contracts by telephone and telefax transmissions in September and October 1994.

Chemtex faxed purchase orders to Dixstar. Chemtex's standard purchase order form is printed on the front and the back. The arbitration clause is on the back of the form. In requires arbitration in New York City according to the rules of the American Arbitration Association. The front page of the form does not refer to the terms on the back.

Chemtex relied upon the affidavit of Joseph V. Rodriguez in support of the motion to compel arbitration. Mr. Rodriguez was the purchasing agent and project manager for Chemtex during all relevant periods. He negotiated the majority of purchases from First Thermal. He has negotiated numerous purchase order contracts on behalf of Chemtex. During the time that he was employed by Chemtex, all purchase orders with suppliers had to be executed on the standard purchase order form.[2] Mr. Rodriguez stated that within two or three weeks after final negotiations between Chemtex and Dixstar he mailed original purchase order contracts to Dixstar. He had followed the same procedure with First Thermal.

■■■ "Arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate that which it has not agreed to arbitrate." *Amalgamated Clothing Workers of America, AFL–CIO v. Ironall Factories Co.*, 386 F.2d 586, 590 (6th Cir.1967). When a party opposes arbitration by challenging the existence of an arbitration agreement, the court must proceed to decide the question summarily. 9 U.S.C. § 4.[3] Summary judgment is an appropriate, but not exclusive, procedure for presenting the issue to the court. The motion to compel arbitration is in the nature of a motion for summary judgment under FED. R.CIV.P. 56. [FED.R.BANKR.P. 7056.] Under Rule 56 the court may enter a summary judgment only *if* (1) there is no genuine issue of material fact and (2) based on the undisputed facts, the law entitles the party that filed the motion to judgment in its favor. FED.R.CIV.P. 56(c). FED.R.BANKR.P. 7056(c); *Frank v. D'Ambrosi*, 4 F.3d 1378 (6th Cir. 1993). Likewise, the court may compel arbitration only if, after considering the evidence presented, there is no genuine issue of material fact as to whether the parties' contract

---

1. Chemtex has filed a separate adversary proceeding to have the September 7 order vacated. It appears that Chemtex's ultimate goal is to require Dixstar to honor warranties given by First Thermal.

2. Interestingly, Chemtex asserts that the purchase agreements upon which Dixstar relies were executed under duress. *See Cumberland & Ohio Co. v. First American National Bank*, 936 F.2d 846 (6th Cir.1991); *Crocker v. Schneider*,

683 S.W.2d 335, 338 (Tenn.App.1984) (Duress is defined as the taking of an undue advantage which ought not be permitted in equity and good conscience.)

3. The parties agree that the Federal Arbitration Act applies because the contracts involve a transaction in interstate commerce. 9 U.S.C. §§ 1 & 2.

included an arbitration agreement. *See* 9 U.S.C. § 4; *Tehran–Berkeley Civil and Environmental Engineers v. Tippetts–Abbett–McCarthy–Stratton,* 816 F.2d 864 (2nd Cir. 1987); *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.,* 636 F.2d 51 (3rd Cir.1980); *Bergquist Co. v. Sunroc Corp.,* 777 F.Supp. 1236 (E.D.Pa.1991); *Tubos De Acero De Mexico, S.A. v. Dynamic Shipping, Inc.,* 249 F.Supp. 583 (S.D.N.Y.1966).

■ It is incumbent upon the moving party to demonstrate by affidavit or otherwise that there is no substantial dispute as to any material fact and that it is entitled to the relief requested as a matter of law. Thus, before this court can compel arbitration of the underlying dispute, Chemtex must demonstrate that the contracts include a binding agreement to arbitrate disputes arising under them. *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649 (6th Cir.1993). Chemtex has failed to do so.

■ Both parties acknowledge that the purchase orders in question were negotiated by telephone and telefax on an emergency basis. The parties also acknowledge that within a few days following the completion of the telephone and telefax negotiations, Dixstar sent its personnel to the distant plants to perform. At this stage of the proceeding, the issue is whether the parties also agreed to arbitrate any dispute arising under the purchase orders.

The affidavit of Mr. Rodriguez submitted in support of the motion is remarkable for what it does not say. The evidence as presented by Mr. Rodriguez does not lead one to conclude that Chemtex notified Dixstar of the arbitration clause before the negotiations were completed by telephone and telefax. The evidence does not demonstrate that Dixstar knew of the arbitration clause as the result of a prior course of dealing with Chemtex. Chemtex has not shown that the arbitration clause was part of the contracts. *Neilson & Kittle Canning Co. V.F.G. Lowe & Co.,* 149 Tenn. 561, 260 S.W. 142 (Tenn.1924); *Southern Spindle & Flyer Co. v. Milliken & Co.,* 53 N.C.App. 785, 281 S.E.2d 734 (1981); *see also Albrecht Chemical Co. v. Anderson Trading Corp.,* 298 N.Y. 437, 84 N.E.2d 625 (1949); *Arthur Philip Export Corp. v. Leath-*

*ertone, Inc.,* 275 A.D. 102, 87 N.Y.S.2d 665 (1949); *Inland Shoe Manufacturing Co. v. Pervel Industries, Inc.,* 81 A.D.2d 505, 437 N.Y.S.2d 330 (1981); *Waldon, Inc. v. Clark Equipment Co.,* 849 P.2d 431 (Okla.App. 1992); *Bergquist Co. v. Sunroc Corp.,* 777 F.Supp. 1236 (E.D.Pa.1991).

■ The court reaches this conclusion without relying on the affidavit of T.J. Kocher proffered by Dixstar. Affidavits submitted in support of or in opposition to a motion to compel arbitration must be on personal knowledge. FED.R.CIV.P. 56(e). [FED.R.BANKR.P. 7056(e) ]; *Michele Amoruso E Figli v. Fisheries Dev. Corp.,* 499 F.Supp. 1074 (S.D.N.Y.1980). Mr. Kocher's affidavit does not say that it is based on his personal knowledge with regard to when Dixstar had knowledge of the terms on back of the Chemtex purchase order. Because the affidavit is not on Mr. Kocher's personal knowledge, but merely contains conclusory statements as to what the corporate entity knew, his affidavit must be disregarded for purposes of this motion. Otherwise, the court may have resolved the issue in Dixstar's favor. *Harrington v. Vandalia–Butler Board of Education,* 649 F.2d 434 (6th Cir.1981); *Kistner v. Califano,* 579 F.2d 1004 (6th Cir.1978) (summary judgment for non-moving party).

If either party desires an evidentiary hearing with respect to the issue addressed in this opinion, a request for such hearing must be made within ten (10) days from the date of entry; otherwise, the motion to compel arbitration shall be denied.

This memorandum constitutes findings of fact and conclusions of law as required by FED.R.BANKR.P. 7052. An appropriate order shall be entered.