D&R CONSTRUCTION CO., INC., Plaintiff v. BLANCHARD'S GROVE MISSIONARY BAPTIST CHURCH, an unincorporated association; TRUSTEES OF BLANCHARD'S GROVE MISSIONARY BAPTIST CHURCH; LEON HOLLEY, CHAIRMAN TRUSTEE; CURTIS HOLLEY, JR., TRUSTEE; SAMUEL EASTON, TRUSTEE; and BARBARA HOLLEY, TRUSTEE, Defendants and RBC CENTURA BANK, Additional Defendant

No. COA08-94

(Filed 21 October 2008)

**1. Arbitration and Mediation— motion to vacate—confusion over what rules would apply**

The trial court did not err by allowing defendants' motion to confirm and enter judgment on an arbitration award and by denying plaintiff's motion to vacate the arbitration award and demand for trial de novo even though plaintiff contends the arbitration was not conducted pursuant to correct law because: (1) although the Uniform Arbitration Act which was in effect when the parties

contracted in 2003 was Article 45A of Chapter 1, a 3 March 2006 consent order required the arbitration to be in accordance with Article 45C of the North Carolina General Statutes, and any confusion which an individual may have had about what rules would apply was not relevant given the clear terms of the consent order; (2) plaintiff did not argue that the arbitrator failed to apply the provisions of Article 45C properly; and (3) although plaintiff contends the confusion over which rules the arbitrator was applying resulted in no meeting of the minds as to the application of the appropriate rules, the consent order evidences otherwise, and plaintiff has not appealed from the consent order nor alleged that there was any defect in the entry of the consent order.

**2. Arbitration and Mediation— alleged conflict in statutes— inapplicable statute**

Although plaintiff contends in an arbitration case that N.C.G.S. §§ 1-569.3(b) and -569.4(c) are in conflict with each other and incapable of being read harmoniously, there was no conflict between the two provisions, and in any event, N.C.G.S. § 1-569.3(b) was inapplicable when the consent order to arbitrate in the instant case was entered after 1 January 2004.

Appeal by plaintiff from order and judgment entered 10 July 2007 by Judge Clifton W. Everett, Jr. in Superior Court, Gates County. Heard in the Court of Appeals 26 August 2008.

*Ericka Young James, for plaintiff-appellant.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by M.H. Hood Ellis and L. Phillip Hornthal, III, for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals order and judgment allowing defendants' "Motion to Confirm and Enter Judgment on Arbitration Award" and denying plaintiff's "Motion to Vacate Arbitration Award and Demand for Trial *De Novo.*" The dispositive issue before this Court is whether the arbitration was conducted pursuant to the correct law. For the following reasons, we affirm the order and judgment of the trial court.

## I. Background

On 3 June 2003, plaintiff and Blanchard Grove Missionary Baptist Church ("Church") by Leon Holley, Curtis Holley, Jr., and Barbara

Holley entered into a "Contractual Agreement" ("contract"). The contract read in pertinent part,

> The parties, Blanchard Grove and Trustees ("Buyer(s)"), and D & R Construction Co., Inc ("Contractor"), in consideration for the promises and covenants made herein, agree that the Contractor shall build a new construction church sanctuary for the Owners, according to the terms set forth below:
>
> . . . .
>
> 9. *Arbitration*: Any disagreement arising out of this Agreement or the application of any provisions thereof shall be submitted to an Arbitrator(s) not interested in the finances of the contract. The parties may agree on an Arbitrator, or may select one each and these two shall select a third. Any such arbitration award shall be binding and have the same weight and effect as a legal decision.

During construction of the church building, a dispute developed between plaintiff and defendants regarding payment. Plaintiff filed liens on defendants' real property, and on 3 August 2004, plaintiff filed a verified "COMPLAINT, MOTION TO STAY PENDING ARBITRATION, MOTION TO APPOINT ARBITRATOR AND MOTION FOR PARTIAL SUMMARY JUDGMENT[.]" (All caps in original.) In its complaint plaintiff brought claims for breach of contract, unjust enrichment, and a lien judgment on the property. Plaintiff also requested that the trial court stay the litigation pending arbitration, appoint an arbitrator, and grant partial summary judgment.

On 12 October 2004, defendants answered plaintiff's complaint alleging several defenses and counterclaiming for breach of contract. On 13 December 2004, plaintiff filed "MOTIONS, REPLY TO COUNTERCLAIM, AFFIRMATIVE DEFENSES AND THIRD PARTY COMPLAINT[.]" (All caps in original.) In July of 2005, RBC Centura Bank ("RBC") filed a motion to intervene as a defendant and an answer to plaintiff's complaint.

On 3 March 2006, the trial court by consent order allowed RBC to intervene, stayed the action pending arbitration, ordered disputes to be submitted to arbitration "in accordance with Section 9 of the June 3, 2003 'Contractual Agreement' between D&R Construction Co., Inc. and Blanchard's Grove Missionary Baptist Church and Article 45C of Chapter 1 of the North Carolina General Statutes[,]" appointed an arbitrator, and ordered costs of the arbitration to be split equally

between plaintiff, the defendant Church, and RBC. Arbitration was held on 1 March 2007 and the arbitration decision was filed on 11 April 2007. The arbitration decision determined that plaintiff had breached its contract with defendants, and therefore plaintiff was not entitled to any recovery from defendants and its claims of lien were void. Based on plaintiff's breach, the arbitration award assessed damages in the amount of "$62,422.56 with interest thereon at the rate of 8% per annum to run from February 14, 2004 until paid together with the costs of this action" to be paid by plaintiff to defendants.

On 2 May 2007, defendants filed a motion for confirmation of the arbitration award and entry of judgment in accordance with the award ("defendants' motion for confirmation of the award"). On 9 May 2007, plaintiff filed a "DEMAND FOR TRIAL de NOVO . . . and NOTICE OF SUBSTITUTION OF COUNSEL" ("plaintiff's motion for new trial") and a "MOTION TO VACATE ARBITRATION AWARD & NOTICE OF SUBSTITUTION OF NEW COUNSEL" ("plaintiff's motion to vacate"). (All caps in original.) On 22 May 2007, defendants filed a motion to deny and strike plaintiff's two motions and to impose sanctions (defendants' motion to deny"). On 4 June 2007, a notice of hearing was filed regarding both of plaintiff's motions and defendants' motion to deny.

On 9 July 2007, a consent order was filed allowing plaintiff to substitute counsel and the trial court heard defendants' motion for confirmation of the award and both of plaintiff's motions. On 10 July 2007, the trial court entered its order which denied both of plaintiff's motions and allowed defendants' motion for confirmation of the award. Plaintiff appeals from the 10 July 2007 order. For the following reasons, we affirm the order and judgment of the trial court.

## II. Law Applied at Arbitration

[1] Plaintiff's first three arguments are all variations of the same issue: whether the arbitration was conducted pursuant to the correct law. Plaintiff first argues that "the trial court erred in refusing to hear any evidence from plaintiff on it's [sic] motion to vacate, including the testimony of a material witness present pursuant to subpoena, thereby violating plaintiff's substantive rights and preventing plaintiff's ability to establish a record for review." Plaintiff claims that its previous attorney, James Laurie ("Mr. Laurie"), was present to testify regarding "confusion as which set of rules would apply" at the arbitration. Plaintiff claims that this confusion arose because the construction contract was entered on 3 June 2003, when the

applicable arbitration statute in effect . . . was the Uniform Arbitration Act, now repealed. N.C. Gen. Stat. § 1-567.2 (2001). The arbitration statute in effect at the time the matter was brought before the courts was the Revised Uniform Arbitration Act ("RUAA"), under Chapter 1, Article 45C of the North Carolina General Statutes. Because the parties' contract predated the RUAA, and because the contract itself did not clearly specify the scope and terms of the arbitration, and did not specify the applicable rules for arbitration, the parties had to supply these terms post-contract.

"The law of contracts governs the issue of whether there exists an agreement to arbitrate. Accordingly, the party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes." *Burgess v. Jim Walter Homes, Inc.*, 161 N.C. App. 488, 490-91, 588 S.E.2d 575, 577 (2003) (citations omitted). However, in this case, plaintiff does not dispute that it agreed to submit the dispute to arbitration, and plaintiff did not appeal from the consent order which directed the case to arbitration. Plaintiff disputes only that it agreed to be bound by the Revised Uniform Arbitration Act, Article 45C, as opposed to the Uniform Arbitration Act, which was in effect at the time of entry of the construction contract.

In this case, the parties entered into two agreements to arbitrate: first, the construction contract in 2003, and second, the consent order in 2006. As plaintiff notes in its brief as to the specific rules to govern the arbitration, the "parties had to supply these terms post-contract[,]" and the parties did actually "supply these terms" in the consent order. Here the arbitration hearing was convened "pursuant to the Order of the Court filed on March 3, 2006, and *consented to by the Parties*." The Uniform Arbitration Act which was in effect in 2003 was Article 45A of Chapter 1. The 3 March 2006 consent order requires the arbitration to be "in accordance with . . . Article 45C of Chapter 1 of the North Carolina General Statutes." (Emphasis added.) The provisions of the order are clear and unambiguous. Any "confusion" which an individual may have had about what rules would apply is not relevant, given the clear terms of the consent order. *Martin v. Martin*, 26 N.C. App. 506, 508, 216 S.E.2d 456, 457-58 (1975) (citations omitted) ("A consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties. Where the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must con-

strue the contract as written, in the light of the undisputed evidence as to the custom, usage, and meaning of its terms.") We conclude that the trial court did not abuse its discretion in refusing to allow Mr. Laurie to testify as to the alleged "confusion" as such testimony would be irrelevant. This argument is·meritless.

Plaintiff's next argument is closely akin to the previous argument in that plaintiff again claims there was confusion as to the applicable rules as "[a]rbitrator Michael announced in open court that he would be applying the Rules for Court Ordered Arbitration in North Carolina" instead of Article 45C of Chapter 1 of the North Carolina General Statutes. Plaintiff claims the arbitrator exceeded his authority "[b]y acting contrary to the express authority conferred" in the 3 March 2006 consent order. However, as we have already determined, the consent order directed that the arbitration be conducted pursuant to Article 45C of Chapter 1 of the North Carolina General Statutes. Plaintiff does not argue that the arbitrator failed to apply the provisions of Article 45C properly. This argument is also meritless.

Plaintiff finally contends that the "confusion" over which rules the arbitrator was applying resulted in "no meeting of the minds as to the application of the appropriate rules." Again, a meeting of the minds as to the applicable rules is evidenced by the 3 March 2006 consent order which required Article 45C of Chapter 1 of the North Carolina General Statutes to govern the arbitration proceedings. Plaintiff has not appealed from the consent order and has not alleged that there was any defect in the entry of the consent order, and thus this argument is also meritless.

### III. Conflicting Law

[2] Lastly, plaintiff contends that N.C. Gen. Stat. §§ 1-569.3(b) and -569.4(c) are in conflict with each other and incapable of being read harmoniously.

N.C. Gen. Stat. § 1-569.3 reads,

(a) This Article governs an agreement to arbitrate made on or after January 1, 2004.

(b) This Article governs an agreement to arbitrate made before January 1, 2004, if all parties to the agreement or to the arbitration proceeding agree in a record that this Article applies.

N.C. Gen. Stat. § 1-569.3 (2003).

N.C. Gen. Stat. § 1-569.4(c) reads,

(c) A party to an agreement to arbitrate or to an arbitration proceeding may not waive, or the parties shall not vary the effect of, the requirements of this section or G.S. 1-569.3(a) . . . . Any waiver contrary to this section shall not be effective but shall not have the effect of voiding the agreement to arbitrate.

N.C. Gen. Stat. § 1-569.4(c) (2003).

Plaintiff contends, "The provision at N.C.G.S. § 1-569.3(b) allows for waiver of the provision at N.C.G.S. § 1-569.3(a). In contrast, the provision at N.C.G.S. § 1-569.4(a)(c) [sic] prohibits the variance or waiver of the terms in the provision found at N.C.G.S. § 1-569.3(a)." We see no conflict between the two provisions. First, N.C. Gen. Stat. § 1-569.3(a) applies to agreements "to arbitrate made *on or after* January 1, 2004[;]" N.C. Gen. Stat. § 1-569.3(b) applies to agreements "to arbitrate made *before* January 1, 2004." N.C. Gen. Stat. § 1-569.3(a), (b) (emphasis added). Also, N.C. Gen. Stat. § 1-569.4(c) does *not* list § 1-569.3(b) as one of the "nonwaivable" provisions contained in Article 45C; it lists *only* subsection (a). *See* N.C. Gen. Stat. § 1-569(4)(c). In any event, the consent order to arbitrate in this case was entered *after* January 1, 2004; therefore N.C. Gen. Stat. § 1-569.3(b) is not applicable. Only N.C. Gen. Stat. § 1-569.3(a) applies, and the parties did not even attempt to waive any of the provisions of Article 45C, but instead expressly agreed to their application. This argument is meritless.

## IV. Conclusion

For the reasons as stated above, we deem all of plaintiff's arguments to be unsupported by the record and the law and without merit. We affirm the trial court order and judgment.

AFFIRMED.

Judges McGEE and McCULLOUGH concur.