GARY LINSENMAYER AND CHARLENE J. LINSENMAYER, PLAINTIFFS v. OMNI HOMES, INC., AND STEPHEN McCARTHY, DEFENDANTS

No. COA08-164

(Filed 18 November 2008)

**1. Arbitration and Mediation— mandatory arbitration— prayer for relief in answer—not a proper motion**

The trial court did not err by not ordering mandatory arbitration upon receiving an answer that listed arbitration as a prayer for relief, although a later motion to compel arbitration was granted. The prayer for relief made no claim that the parties were contractually bound to arbitrate and did not qualify as a motion as required by statute.

**2. Arbitration and Mediation— arbitration requested in answer—not a proper motion—substantive rulings by court**

The trial court did not err by issuing substantive rulings after arbitration was requested in an answer because the court had not received a proper motion requesting mandatory arbitration. The litigation continued in its ordinary course and defendants participated with counsel.

**3. Arbitration and Mediation— notice—last known address**

Defendants were given proper notice of an arbitration hearing by the arbitrator where notice was sent to the last known address, a place of business, which is specifically allowed by statute. Actual receipt is not required by the statute.

**4. Arbitration and Mediation— arbitration—damages only**

An arbitrator did not err by addressing only damages where the trial court had conclusively determined liability before a proper motion to compel arbitration was filed, with damages being the only remaining issue. Defendants cannot participate in litigation and then expect an unfavorable decision to be automatically vacated upon an order compelling arbitration.

**5. Arbitration and Mediation— punitive damages—unfair and deceptive trade practice—arbitration clause**

An arbitration clause in effect allowed punitive or exemplary relief (here, treble damages for unfair and deceptive trade practices) where the clause stated that it was the proper avenue for any dispute about the performance of the contract that the

**LINSENMAYER v. OMNI HOMES, INC.**

[193 N.C. App. 703 (2008)]

parties could not resolve, and did not specifically exclude any particular form of damages. "Any dispute" would include plaintiffs' claim that defendants are liable for unfair and deceptive trade practices.

**6. Arbitration and Mediation— no findings—treble damages—unfair and deceptive trade practices—prior determination by court**

There was no error in an arbitrator's order by the absence of specific findings that would justify the award of treble damages for unfair and deceptive trade practices where the trial court had previously found for plaintiffs on the issue of liability for unfair and deceptive trade practices and found treble damages to be statutorily appropriate. The arbitrator had no responsibility for deciding the case on its merits, but was merely in charge of deciding the appropriate amount of actual damages that were to be trebled by law. The arbitrator was not required to make findings already established by the trial court.

**7. Arbitration and Mediation— attorney fees—unfair and deceptive trade practices—arbitration clause**

An arbitrator did not err by awarding attorney fees in an unfair trade practices dispute because the arbitration clause expressly stated that attorney fees would be awarded to the winning party at arbitration, attorney fees are allowed here by statute, and the arbitrator was following the mandate of the court.

**8. Arbitration and Mediation— arbitration award—confirmed by court—no error**

The trial court did not err by confirming an arbitration award where it did not find any of the statutory grounds for vacating the award, and there was no error in the proceeding or award.

Appeal by defendants from judgment entered 3 October 2007 by Judge J. Gentry Caudill in Gaston County Superior Court. Heard in the Court of Appeals 25 August 2008.

*Gray, Layton, Kersh, Solomon, Furr & Smith, P.A., by Michael L. Carpenter, for plaintiff-appellees.*

*Smith, Cooksey & Vickstrom, PLLC, by Neil C. Cooksey and Steven L. Smith, for defendant-appellants.*

**LINSENMAYER v. OMNI HOMES, INC.**

[193 N.C. App. 703 (2008)]

HUNTER, Judge.

This case arises out of a construction contract dated 16 August 2005, which contained an arbitration clause. After a dispute over Omni Homes, Inc. and Stephen McCarthy's ("defendants") quality of workmanship and expenditures, Gary and Charlene Linsenmayer ("plaintiffs") filed a Complaint in Gaston County Superior Court on 1 September 2006. On 21 September 2006, Stephen McCarthy, acting *pro se* for defendants, answered the complaint and filed a counter suit against plaintiffs. Mr. McCarthy listed arbitration as defendants' first prayer for relief.

On 4 October 2006, plaintiffs served upon defendants a Motion to Dismiss and Reply to Counterclaim, Requests for Admissions, and First Set of Interrogatories and Request for Production of Documents. At the 27 June 2007 arbitration hearing, the arbitrator noted that defendants never answered any of these discovery requests and sanctioned them accordingly.

On 14 November 2006, plaintiffs filed a Motion for Summary Judgment. On 6 December 2006, the trial court granted the motion in plaintiffs' favor as to defendants' liability for breach of contract, negligence, fraud, and unfair and deceptive trade practices.[1] The court did not award summary judgment as to damages, but stated that the case would proceed to trial on that issue, that any damages awarded would be trebled pursuant to N.C. Gen. Stat. § 75-16, and that attorneys' fees would be awarded pursuant to N.C. Gen. Stat. § 75-16.1. On 18 December 2006, plaintiffs filed a Motion for Summary Judgment on Damages and attached the affidavit of Mr. Linsenmayer, in which he stated that plaintiffs were entitled to damages in the amount of $101,793.84. This motion was denied on 18 January 2007 when the court simultaneously dismissed defendant Omni Homes' counterclaims.

Defendants filed a Motion to Stay Litigation and Compel Mandatory Arbitration on 8 March 2007, and on 22 March 2007, the trial court ordered the matter to be arbitrated. The order stayed litigation but did not vacate prior proceedings of the trial court. On 12 June 2007, a notice of arbitration was sent to the parties. The hearing was held on 21 June 2007, with neither defendants nor their attorney in attendance. On 27 June 2007, an arbitration award was issued ordering defendants to pay $294,278.52 in damages and $20,693.24 in

---

1. Defendants do not assign as error the trial court's grant of summary judgment for plaintiffs.

attorneys' fees. While the arbitrator does not specify the amount of actual damages, defendants assert that the arbitrator awarded $98,092.84 in actual damages and then trebled that figure as defendants were found liable by the trial court for unfair and deceptive trade practices. On 3 July 2007, plaintiffs filed a Motion for Confirmation of Arbitration Award. Defendants filed a Motion to Vacate the Arbitration Award on 20 July 2007. The arbitration award was confirmed by the trial court on 3 October 2007 in a final judgment and order. Defendants appeal the arbitration award and the final judgment. After careful review, we affirm.

I.

The parties in this case do not dispute the validity of the arbitration clause, which states:

> Should any dispute arise relative to the performance of this contract that the parties cannot resolve, the dispute shall be referred to a single arbitrator acceptable to the builder and the buyer. If the builder and the buyer cannot agree upon an arbitrator, the dispute shall be referred to the American Arbitration Association for resolution.

> All attorney fees that shall be incurred in the resolution of disputes shall be the responsibility of the party not prevailing in the dispute.

[1] Defendants first argue that the trial court erred when it failed to order mandatory arbitration upon receiving defendants' Answer in which defendants listed arbitration as a prayer for relief. The issue presented in this assignment of error is whether the prayer for relief seeking arbitration satisfies N.C. Gen. Stat. § 1-569.7 (2007), which clearly requires a "motion" to be filed in the trial court requesting the court to order arbitration. Defendants are essentially seeking to have the Answer originally filed serve as a motion to compel arbitration where the existence of the arbitration clause was not mentioned.

When defendants filed their original *pro se* Answer on 20 September 2006, they merely responded to plaintiffs' allegations and asserted their own counterclaims. While defendants listed arbitration as their number one prayer for relief, they made no claim that the parties were contractually bound to arbitrate. Additionally, defendants later obtained counsel who filed another Answer and Counterclaim demanding a jury trial. Neither Answer made a motion for mandatory arbitration, or even mentioned the existence of an arbitration clause

LINSENMAYER v. OMNI HOMES, INC.

[193 N.C. App. 703 (2008)]

in the contract between the parties. We find that the request for arbitration in the prayer for relief does not qualify as a "motion" asking the trial court to order arbitration.

Our Supreme Court has found that the trial court is not "'ousted' of its jurisdiction" where "defendants failed to apply to the court for arbitration in order to exercise their contractual remedy to which they were entitled." *Adams v. Nelson*, 313 N.C. 442, 446, 329 S.E.2d 322, 324 (1985) (the trial court did not err in refusing to order arbitration where the defendants filed a motion to dismiss, but did not assert that there was an arbitration clause in the contract). In the present case, due to defendants' failure to demand arbitration in accordance with N.C. Gen. Stat. § 1-569.7, the trial court properly maintained its existing jurisdiction. The prayer for relief in the Answer was not sufficient. Once defendants made a Motion to Stay Litigation and Compel Mandatory Arbitration, the trial court became aware of the arbitration clause and granted the motion. Therefore, we find no error.

## II.

**[2]** Next, defendants argue that the trial court erred in issuing substantive rulings when the case should have been ordered to arbitration after receipt of defendants' original Answer. These rulings include the grant of plaintiffs' motion for summary judgment as to liability, the dismissal of defendants' counterclaims, and the denial of defendants' motions to set aside summary judgment and request for leave to answer requests for admissions. It follows that the trial court did not err in issuing these rulings when it had not received a proper motion requesting mandatory arbitration. The litigation was continuing in its ordinary course and defendants were participating with representation by counsel. Thus, this assignment of error is without merit.

## III.

**[3]** Next, defendants claim that the arbitrator erred by failing to give defendants proper notice of the arbitration hearing. The notice provision of the Revised Uniform Arbitration Act ("RUAA") is controlling. It states:

> (a) Except as otherwise provided in this Article, a person gives notice to another person by taking action that is reasonably necessary to inform the other person in the ordinary course, *whether or not the other person acquires knowledge of the notice.*

(b) A person has notice if the person has knowledge of the notice or has received notice.

(c) A person receives notice when it comes to the person's attention or the notice is delivered at the person's place of residence or place of business or at another location held out by the person as a place of delivery of communications.

N.C. Gen. Stat. § 1-569.2 (2007) (emphasis added).

The arbitrator complied with this notice requirement. A notice containing the hearing date, time, and place was sent to the record address for defendants. When Mr. McCarthy filed the original Answer for himself and Omni Homes, Inc., he listed his address as 1061-521 Corporate Center Drive, Suite 165, Fort Mill, South Carolina 29715, which was also the business address for Omni Homes. There is no indication in the record that defendants changed their address by notifying the court or the arbitrator. In his affidavit, Mr. McCarthy states that Omni Homes changed location on 15 March 2007. On 22 March 2007 the parties agreed that Judge Kirby would arbitrate the dispute. The notice of hearing was then issued on 12 June 2007. The last known address for defendants at that time was the Fort Mill address where the hearing notice was sent.

Defendants further argue that the arbitrator did not send the notice to Mr. McCarthy's residence, but the statute specifically states that notice can be sent to a person's residence or place of business. N.C. Gen. Stat. § 1-569.2(c). The arbitrator sent the notice to Mr. McCarthy's last known address, his place of business. The arbitrator also sent the notice to defendants' former attorney, Mr. Aaron Marshall, who never formally withdrew from the case but did send a letter to the arbitrator stating he was no longer representing defendants. Mr. Marshall told the arbitrator, and plaintiffs' attorney, that attorney Craig Wilkerson was replacing him as counsel for defendants, and the arbitrator sent the notice to Mr. Wilkerson as well. We find that the arbitrator used due diligence in attempting to notify defendants of the hearing by sending the notice to all parties involved. The statute says that notice is deemed received when it is "delivered at the person's place of residence or place of business or at another location held out by the person as a place of delivery of communications." N.C. Gen. Stat. § 1-569.2(c). Actual receipt is not required by the statute. Thus, we find no error as to notice of the arbitration hearing.

**LINSENMAYER v. OMNI HOMES, INC.**

[193 N.C. App. 703 (2008)]

IV.

**[4]** Defendants further claim that the arbitrator erred by misjudging the scope of the subject matter that had been submitted to him for arbitration. Specifically, defendants claim that the 9—arbitrator only addressed the issue of damages, thereby inappropriately relying upon the trial court's order of summary judgment for plaintiffs as to liability. We find that the arbitrator was correct in determining the issues presented for his determination.

It is clear that our statutory RUAA "gives the trial court the power to act both before and after the arbitration proceeding." *Henderson v. Herman*, 104 N.C. App. 482, 486, 409 S.E.2d 739, 741 (1991), *disc. review denied*, 330 N.C. 851, 413 S.E.2d 551 (1992).[2] Here, the trial court conclusively decided the issue of summary judgment for plaintiffs as to all aspects of liability before a proper motion to compel arbitration was filed, and the only issue left to be determined as to plaintiffs' claims was damages. Defendants cannot participate in litigation to the point where an unfavorable decision is rendered and then expect that decision to be automatically vacated upon an order compelling arbitration. In sum, the trial court merely stayed proceedings and did not vacate any of its prior orders. Therefore, the issue of liability was decided and not before the arbitrator. In fact, the trial court confirmed the award after noting that the arbitrator only made a determination as to damages. We find no error in the scope of the arbitration proceeding.

V.

**[5]** Defendants further argue that punitive and/or exemplary damages were improperly ordered by the arbitrator. Defendants point to the award of treble damages and claim that this award was punitive and/or exemplary in nature, the arbitration clause did not allow for punitive or exemplary damages, and the trial court did not make the required statutory findings when awarding these damages.

As to this assignment of error, " ' "[a]n [arbitration] award is ordinarily presumed to be valid, and the party seeking to set it aside has the burden of demonstrating an objective basis which supports his allegations that one of the[] grounds [for setting it aside] exists." ' " *Faison & Gillespie v. Lorant*, 187 N.C. App. 567, 572, 654 S.E.2d 47, 51 (2007) (alterations in original; citations omitted).

---

2. When the opinion in *Herman* was issued, the Uniform Arbitration Act had not been revised, but the quotation remains accurate despite the revisions to the Act.

The controlling statute states, in pertinent part:

> (a) An arbitrator may award punitive damages or other exemplary relief if:
>
> > (1) The arbitration agreement provides for an award of punitive damages or exemplary relief;
> >
> > (2) An award for punitive damages or other exemplary relief is authorized by law in a civil action involving the same claim; and
> >
> > (3) The evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim.
>
> . . .
>
> (c) As to all remedies other than those authorized by subsections (a) and (b) of this section, an arbitrator may order any remedies the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding. The fact that a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award under G.S. 1-569.22 or for vacating an award under G.S. 1-569.23.
>
> . . .
>
> (e) If an arbitrator awards punitive damages or other exemplary relief under subsection (a) of this section, the arbitrator shall specify in the award the basis in fact justifying and the basis in law authorizing the award and state separately the amount of the punitive damages or other exemplary relief.

N.C. Gen. Stat. § 1-569.21 (2007).

As to subsection (a)(1), defendants assert that the arbitration clause does not provide for punitive or exemplary damages. However, the arbitration clause states that arbitration is the proper avenue should "*any dispute* arise relative to the performance of this contract that the parties cannot resolve[.]" (Emphasis added.) "Any dispute" includes plaintiffs' claim that defendants are liable for unfair and deceptive trade practices, which allows for an award of treble damages. N.C. Gen. Stat. § 75-16. Therefore, the arbitration clause does in effect allow for punitive or exemplary relief. Furthermore, the clause does not specifically exclude any particular form of damages.

**[6]** Additionally, defendants claim that under N.C. Gen. Stat. § 1-569.21(e), the arbitrator was required to specify the basis for the award of treble damages and to state separately the amount of relief awarded, which the arbitrator in this case did not do. Instead, the arbitrator ordered defendants to pay a lump sum of $294,278.52 in damages plus attorneys' fees. While there is no clear indication in the arbitration award as to whether treble damages were issued, the trial court acknowledged the issuance of treble damages in its award confirmation.

We find no error in the absence of specific findings that would justify treble damages as the trial court previously found for plaintiffs on the issue of liability for unfair and deceptive trade practices and found treble damages to be statutorily appropriate. "If the trial court finds that the defendant has violated the UTPA [North Carolina Unfair and Deceptive Trade Practices Act], it must award treble damages[.]" *Canady v. Crestar Mortg. Corp.*, 109 F.3d 969, 975 (4th Circ. 1997); N.C. Gen. Stat. § 75-16. The arbitrator was bound by law to treble the damages and was not required to make findings already established by the trial court.

Therefore, we find no error in the award of treble damages as the arbitration clause allowed for the determination of any dispute via arbitration, including a claim for unfair and deceptive trade practices, and the issue of treble damages had already been decided prior to arbitration. The arbitrator had no responsibility for deciding the case on its merits, but was merely in charge of deciding the appropriate amount of actual damages that were to be trebled by law.

VI.

**[7]** Defendants argue that the arbitrator erred in awarding attorneys' fees in the amount of $20,693.24. We disagree.

An arbitrator may award attorneys' fees if: "(1) [t]he arbitration agreement provides for an award of attorneys' fees; and (2) [a]n award of attorneys' fees is authorized by law in a civil action involving the same claim." N.C. Gen. Stat. § 1-569.21(b).

Here, the contract containing the arbitration clause expressly stated that attorneys' fees would be awarded to the winning party at arbitration. In addition, attorneys' fees are allowed by statute where a plaintiff alleges unfair and deceptive trade practices, as plaintiffs did in this case. N.C. Gen. Stat. § 75-16.1. When the trial court found summary judgment for plaintiffs with regard to unfair and deceptive

trade practices, it stated that plaintiffs were entitled to attorneys' fees and the arbitrator followed that mandate. We therefore find no error in the award of reasonable attorneys' fees.

[8] Defendants' final argument is that the trial court erred by confirming the arbitration award. A trial judge shall vacate an award if any of the statutory grounds exist under N.C. Gen. Stat. § 1-569.23. The trial court did not find any such grounds. Since we find no error in the arbitration proceeding or award, we thus find no error in the trial court's confirmation of that award.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

Chief Judge MARTIN and Judge WYNN concur.